UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY HOLMES, | Case No. 26 CR 106<br><br>Hon. Virginia M. Kendall |

**<u>GOVERNMENT'S REPONSE TO DEFENDANT'S MOTION TO DISMISS</u>**

The UNITED STATES OF AMERICA, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, submits its response to defendant's motion to dismiss. Dkt. 36.[1] For the reasons set forth below, this Court should deny defendant's motion.

## INTRODUCTION

Defendant raises and repeats several arguments in his motion. None warrant dismissal. In large part, defendant overstates what is required to sufficiently allege a violation of 18 U.S.C. § 875(c). "Crafting a facially sufficient indictment is not a high hurdle," *United States v. Clark*, 140 F.4th 395, 420 (7th Cir. 2025), and the indictment easily clears that hurdle under well-settled law. Defendant argues the government's allegations do not "establish" that the defendant acted with the requisite *mens rea* and do not show that defendant made a "true threat" to injure any specific person or group of people. These arguments pose questions for a jury, who alone gets to decide whether to accept or reject defendant's self-serving interpretation of his threat.

[1] As discussed below, defendant incorrectly styles his motion as a motion to dismiss the criminal complaint, Dkt. 1, but the operative charging document is the indictment. Dkt. 10.

Likewise, defendant's arguments that the government's case violates the First Amendment presents a jury question masquerading as a constitutional challenge. Finally, defendant argues certain other statements he posted to X.com do not violate § 875(c) and that any claim to the contrary presents vagueness concerns under the Fifth Amendment. Defendant misreads (or overlooks) the indictment; currently, the indictment charges that one post violated § 875(c)—when defendant threatened "I'm going to shoot up a synagogue."

**BACKGROUND**

On March 13, 2026, defendant was charged in a criminal complaint with sending a true threat in interstate commerce, in violation of 18 U.S.C. § 875(c). Dkt. 1 at ¶ 2.

According to the complaint, defendant operated an account on X.com, with a handle of "@MapleStCapital" and a display name of "[American flag emoji]END The Fed". Dkt. 1 at ¶¶ 4, 7. Defendant used the X account to make a number of derisive posts. *Id.* For example, defendant used the X account to discuss relatives of Israeli Official A, post their purported United States address, and comment "The jew will be destroyed and discarded", "From the river to the sea every Jew will die", and "Die Jew." *Id.* at ¶ 4. Then, on March 3, 2026, defendant replied to a post from "@Israel," the Israeli government's official X account, and stated: "I'm going to shoot up a synagogue." *Id.* at ¶¶ 4-5.




*Id.* The complaint includes additional allegations about how defendant was identified, about other troubling posts he made concerning Jewish people, and about defendant's travel to State A, which is purportedly where Israeli Official A's relatives were located at the time. *Id.* at ¶¶ 6-8.

On April 7, 2026, a grand jury indicted defendant and charged him with a single count of violating 18 U.S.C. § 875(c). *See* Dkt. 10. The grand jury alleged that

defendant operated an X account with a handle of "@MapleStCapital" and a display name of "[American flag emoji]END The Fed". *Id.* at ¶ 1(a). It further charged that defendant violated 18 U.S.C. § 875(c) specifically through the following conduct:

> On or about March 3, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, TIMOTHY HOLMES, defendant herein knowingly transmitted in interstate commerce a communication containing a threat to injury the person of another, namely, a post on X in which he wrote, in response to a post from "@Israel", "I'm going to shoot up a synagogue", and defendant transmitted the communication for the purpose of making a threat, knowing that the communication would be viewed as a threat, and recklessly disregarding a substantial risk that others would regard the communication as a threat.

*Id.* at ¶ 2. The indictment further alleges that—prior to communicating "I'm going to shoot up a synagogue"—defendant used the X account to make a number of other posts concerning the Jewish community, including:

- "The jew will be destroyed and discarded"
- "From the river to the sea every Jew will die"
- "You inbred people will all die"
- "Die Jew"

*Id.* at ¶ 1(b).

On July 10, 2026, defendant filed a motion to dismiss pursuant to Rule 12(b)(3)(B)(v). Dkt. 36.[2] Defendant makes several arguments in his motion, but in

[2] Defendant captions his filing as a Motion to Dismiss Criminal Complaint and refers throughout his filing to the Complaint. *See generally* Dkt. 36. But, as discussed above, the grand jury returned an indictment in this case, Dkt. 10, and as such, the indictment—not the complaint—is the operative charging document. *See, e.g.*, *United States v. Robinson*, No. 22 CR 610, 2025 WL 692092, at *2 (N.D. Ill. Mar. 4, 2025) ("[O]nce the criminal complaint is superseded by a grand jury indictment, the sufficiency of the complaint no longer matters, because the grand jury at that point has made its own determination of probable cause."); *see*

essence, he raises two bases for dismissal: (1) the government fails to sufficiently allege a violation of 18 U.S.C. § 875(c), and (2) the government's prosecution of defendant runs afoul of the Constitution. As discussed below, defendant is wrong on both points.

## LEGAL STANDARD

An indictment is sufficient if it sets forth "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "Detailed allegations" are not required under Rule 7(c)(1). *Clark*, 140 F.4th at 418-19. Rather, an indictment is sufficient if it: (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges against him; and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense. *United States v. White*, 610 F.3d 956, 958-59 (7th Cir. 2010).

An indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *White*, 610 F.3d at 958-59; *see also United States v.*

---

*also United States v. Vaughn*, 492 F. Supp. 3d 336, 343 (D.N.J. 2020) (noting that felony indictment supersedes the complaint and becomes operative charging document). Indeed, defendant moves under the provision of Rule 12 that contemplates dismissing the indictment, not the complaint. Fed. R. Crim. P. 12(b)(3)(B) (allowing a defendant to raise "a defect in the ***indictment*** or information") (emphasis added); *see also United States v. Boender*, 691 F. Supp. 2d 833, 837 (N.D. Ill. 2010) (Rule 12(b)(3)(B) permits defendant to challenge "sufficiency of an indictment"). Accordingly, the government's response focuses on the indictment, not the complaint.

*Resendiz–Ponce*, 549 U.S. 102, 109 (2007) (explaining that an indictment "parroting the language of a federal criminal statute" is sufficient so long as the crime is not one that must be charged with greater specificity). "Indictments are to be reviewed 'on a practical basis and in their entirety, rather than in a hypertechnical manner.'" *Boender*, 691 F. Supp. 2d at 837 (quoting *United States v. Cox,* 536 F.3d 723 (7th Cir. 2008)).

## DISCUSSION

### I. The Indictment Sufficiently Alleges a Violation 18 U.S.C. § 875(c).

#### A. The indictment easily passes muster under Rule 7(c)(1).

Here, the indictment charges defendant with one count of violating § 875(c), which states in relevant part: "Whoever transmits in interstate or foreign commerce any communication containing . . . any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 875(c). To ultimately prove a violation of § 875(c), the government must establish: (1) the defendant knowingly transmitted a communication; (2) it contained a "true threat" to injure any person[3]; (3) the defendant did so (a) for the purpose of making a threat, (b) knowing it would be viewed as a threat, or (c) consciously disregarding a substantial risk that it would be viewed as a threat; and (4) the communication moved in interstate commerce. *See* THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT 332 (2025).

[3] As explained below, though the government must ultimately prove a defendant's statement contained a "true threat," an indictment need not explicitly allege the term or its definition to sufficiently state a violation of § 875(c). *See infra* at 10-11.

The indictment alleges that defendant operated an X account, identifies the X account, and provides examples of troubling statements defendant made about the Jewish community and Israel, including that "'The jew will be destroyed and discarded', 'From the river to the sea every Jew will die', 'You inbred people will all die', and 'Die Jew'." Dkt. 10 at ¶ 1(a)-(b). After providing this context, the indictment then alleges in detail the specific statement defendant posted on the internet via X.com that violated § 875(c):

> On or about March 3, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, TIMOTHY HOLMES, defendant herein knowingly transmitted in interstate commerce a communication containing a threat to injury the person of another, namely, a post on X in which he wrote, in response to a post from "@Israel", "I'm going to shoot up a synagogue", and defendant transmitted the communication for the purpose of making a threat, knowing that the communication would be viewed as a threat, and recklessly disregarding a substantial risk that others would regard the communication as a threat.

*Id*. at ¶ 2. These allegations track the language of § 875(c), adequately inform the defendant of the nature of the charge against him, and would certainly allow a defendant to assert any judgment in this case as a bar to future prosecutions for the same offense. Thus, the indictment is sufficient, and defendant's motion should fail. *See*, *e.g.*, *United States v. Sheikh*, Case No. 19-cr-655, Dkt. 157 at 4-5 (N.D. Ill. Nov. 3, 2023) (denying defendant's motion to dismiss because "the indictment tracks the language of the Section 875(c)" and "[that] is sufficient"), *aff'd*, 164 F.4th 629 (7th Cir. 2026); *United States v. Stover*, Case No. 25-cr-540, Dkt. 33 at 2-3 (N.D. Ill. Feb. 19, 2026) (same); *United States v. Musgrove*, 845 F. Supp. 2d 932, 943-44 (E.D. Wis 2011) (indictment that "tracks the language of the [875(c)] statute" was sufficient); *United*

*States v. Leveke*, 38 F.4th 662, 669 (8th Cir. 2022) ("quickly dispos[ing] of an argument that an indictment was insufficient" because the indictment pleaded the "essential elements for § 875(c) offenses"); *United States v. Killingsworth*, 2022 WL 294083, at *3 (6th Cir. Feb. 1, 2022) (affirming conviction because § 875(c) indictment "tracks the statutory language").

**B. Defendant's attacks on the sufficiency of the indictment fail.**

In arguing for dismissal, defendant ignores the well-established rules discussed above for evaluating the sufficiency of an indictment. Defendant contends the indictment fails to state an offense because: (1) the indictment fails to establish that defendant had the requisite mental state; (2) it fails to allege facts showing defendant's threat to shoot up a synagogue constitutes a "true threat" to injure "the person of another"; and (3) it fails to allege facts showing defendant's other statements constitute unlawful threats. None of defendant's arguments have merit.

**1. The indictment sufficiently alleges the requisite *mens rea*.**

Defendant argues that the indictment should be dismissed because, according to defendant, "[t]he government cannot meet its burden to prove that Mr. Holmes subjectively intended his statements to be threating or consciously disregarded a substantial risk that they would be viewed as threats of violence." Dkt. 36 at 1. Defendant is wrong for multiple reasons.

First and foremost, defendant apparently asks the Court to apply the wrong standard and decide at the pretrial stage whether the government can prove its case at trial. But a pretrial motion to dismiss the indictment "is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's

evidence." *United States v. Moore,* 563 F.3d 583, 586 (7th Cir. 2009) (quotations omitted); *White*, 610 F.3th at 959 (noting "the presence or absence of any particular fact is not dispositive" for a pretrial motion to dismiss). Rather, as explained above, defendant's pretrial motion to dismiss can ask only whether the indictment sufficiently alleges a violation of 18 U.S.C. § 875(c).

To the extent defendant argues the indictment does not sufficiently allege the requisite *mens rea*, defendant is wrong again. Defendant argues the complaint "contains no allegation" regarding his subjective intent. Dkt. 36 at 4, 7. But the ***indictment*** does. The indictment alleges that defendant made his post "for the purpose of making a threat, knowing that the communication would be viewed as a threat, and recklessly disregarding a substantial risk that others would regard the communication as a threat." Dkt. 10 at ¶ 2. This language, which tracks the Seventh Circuit Pattern Instruction and comports with *Counterman*, suffices at the pretrial stage. *Supra* at 5-7; *See* THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT (2025 Ed.) at 332 (third element); *see also* *Counterman v. Colorado*, 600 U.S. 66, 69 (2023) (explaining requisite *mens rea*); *Clark*, 140 F.4th at 418-19 ("detailed allegations are not contemplated" under the Rules of Criminal Procedure).

Even assuming the government was required to allege more specific facts (it is not), the indictment includes additional allegations bearing on defendant's subjective state of mind. In particular, the indictment lists examples of several troubling posts that defendant made on X.com—"The jew will be destroyed and discarded", "From the

river to the sea every Jew will die", "You inbred people will all die", and "Die Jew"—before he issued his threat to shoot up a synagogue. Dkt. 10 at ¶ 1. The only reasonable inference one can draw from defendant's statements is that, at the very least, defendant consciously disregarded a substantial risk that his post "I'm going to shoot up a synagogue" would be viewed as a threat. *Sheikh*, 164 F.4th at 634 ("[Section] 875(c) punishes threats that are made at least recklessly.") (citing *Counterman*, 600 U.S. at 69).

**2. The indictment sufficiently alleges defendant made a "true threat" to injure "the person of another."**

Defendant also urges the Court to dismiss the indictment because, according to defendant, the statement "I'm going to shoot up a synagogue" cannot qualify as a "true threat" or a threat to injure "the person of another." Dkt. 36 at 5-7. Again, defendant is wrong.

To obtain a conviction under § 875(c), the government must establish that defendant made a "true threat," i.e., a communication that a reasonable observer, considering the surrounding circumstances and communications, would interpret as a serious expression of intent to commit unlawful physical violence against another person or group of people. *Sheikh*, 164 F.4th at 633; *see also* THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT (2025 Ed.) at 341. Importantly, an indictment need not contain the phrase "true threat" or explicitly allege how a reasonable observer would interpret the threat to sufficiently allege a violation of § 875(c). *See*, *e.g.*, *Musgrove*, 845 F. Supp. 2d at 943-44 (explaining that while the government must prove a "true threat" under § 875(c), it is not required to

allege a "true threat"); *see also United States v. Stover*, Case No. 25-cr-540, Dkt. 33 at 2 (N.D. Ill. Feb. 19, 2026) (same).

Defendant argues his statement cannot be a true threat because it was merely "political hyperbole, venting, or expressions of frustration" made in response to the Israeli-Palestinian conflict and the death of the Supreme Leader of Iran, Ayatollah Ali Khamenei. Dkt. 36 at 5-6. This argument is premature and cannot serve as grounds for dismissal. Rather, "whether speech is a true threat, as the Government contends, or political hyperbole, as [defendant] contends, is a question for the jury at trial, not the Court at the motion to dismiss stage." *United States v. Haddad*, Case No. 09 CR 115, 2014 WL 1493152, at *1 (N.D. Ill. Apr. 16, 2014); *see also White*, 610 F.3d at 962 (defendant's argument that statement was not criminal solicitation but instead protected speech was actually not "about the validity of the indictment…but instead a dispute over the meaning and inferences that can be drawn from the facts" to be settled at trial)

Relatedly, defendant argues that his X post cannot be a true threat because he did not identify a particular individual or individuals, nor did he "specify a location, a time, or any target beyond the generic category of 'a synagogue'." Dkt. 36 at 5. Again, whether the alleged statement amounts to a true threat is a question for the jury, and not for the Court in a pretrial motion to dismiss. *See United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) (finding question of whether defendant's statements were threats was a question for the jury) In any event, a true threat "does not need to be communicated directly to its intended victim, or specify a particular victim, or

specify when it will be carried out." THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT (2025 Ed.) at 341; *see also Parr*, 545 F.3d at 497 ("A threat doesn't need to be communicated directly to its victim or specify when it will be carried out.").

Finally, defendant argues that his statement "I'm going to shoot up a synagogue" cannot be a true threat or a "threat to injure the person of another" because it only refers to shooting a physical structure and not any individual person or group of people. Dkt. 36 at 6-7. Again, defendant is free to present this self-serving interpretation of his threat to the jury, but it is not grounds to dismiss the indictment, especially given defendant made his threat after making disturbing comments like "Die Jew." Dkt. 10 at ¶ 1(b); *United States v. Whiffen*, 121 F.3d 18, 22 (1st Cir. 1997) (rejecting argument on motion to dismiss that defendant's threat to make buildings "go boom" was not threat to injure a person and finding interpretation of threat was question for the jury); *United States v. Linehan*, 835 F. App'x 914, 917 (9th Cir. 2020) (rejecting argument that jury should have been instructed to find defendant threatened to injure a specific person because "[a] threat to firebomb a building is a threat to injure the people that the defendants believes are inside the building").

**3. The government does not contend that defendant's other posts to X.com constitute separate violations of 18 U.S.C. § 875(c).**

In addition to the X.com posts highlighted in the indictment, the criminal complaint also describes posts defendant made concerning relatives of Israeli Official A. Dkt. 1 at ¶¶ 7-8. Specifically, defendant inquired about the specific address in State A where Israeli Official A's relatives were staying because defendant was traveling

to that State, and defendant also posted a specific address where it appeared Israeli Official A's relatives were staying, Defendant made these posts during the same timeframe he was also making the troubling posts described in the indictment. *Id.*; Dkt. 10 at ¶ 1(b).

In his motion to dismiss, defendant apparently argues that the posts concerning Israeli Official A's relatives cannot constitute true threats or violations of § 875(c). Dkt. 36 at 8-9. Defendant's argument is irrelevant to the dismissal analysis. While defendant's posts concerning Israeli Official A's relatives are discussed in the complaint, they are not mentioned at all in the indictment, and the indictment is the operative charging document for purposes of defendant's motion to dismiss. *See supra* at 4, n.2.[4]

## II. Defendant's Constitutional Challenges Are Meritless.

Defendant also argues that § 875(c)—as applied to his conduct—violates the Constitution in two ways: it is an impermissible content-based restriction, in violation of the First Amendment, and it is unconstitutionally vague, in violation of the Fifth Amendment. Both arguments fall flat.

First, defendant argues that § 875(c), as applied to him, violates the First Amendment because the government's prosecution "seeks to punish [defendant] for expressing controversial political views." Dkt. 36 at 9. This is a jury question dressed up as a constitutional challenge. True threats—like other speech "integral to criminal

[4] To be clear, the government can and may seek to introduce at trial these posts—as well as evidence of defendant's travel to Florida—in support of the current charge.

conduct"—are "categorically outside of [First Amendment] protection." *White*, 610 F.3d at 960. Section 875(c) has been long been interpreted to require a true threat. *Sheikh*, 164 F.4th at 633 (citing *United States v. Stewart*, 411 F.3d 825, 828 (7th Cir. 2005)). And again, the jury gets to decide whether defendant's statement is a true threat or political speech. *United States v. Sheikh*, Case No. 19-cr-655 (N.D. Ill. Nov. 3, 2023), Dkt. 157 at 2, n.2 (reserving ruling on as-applied challenge to § 875(c) until after trial).[5]

Second, without citation to any authority, defendant argues that the government's prosecution raises vagueness concerns under the Fifth Amendment's Due Process Clause. Dkt. 36 at 10. Defendant contends that applying § 875(c) "to prosecute the posting of publicly available information [about Israeli Official A's relatives] and ambiguous statements about travel…creates intolerable ambiguity." Dkt. 36 at 10. In other words, defendant's vagueness argument rests entirely on his belief that indictment charges that defendant's posts relating to Israeli Official A's relatives violate § 875(c). Again, the indictment does not mention these posts; the indictment alleges defendant violated § 875(c) when he knowingly communicated a true threat by posting on X.com "I'm going to shoot up a synagogue." Defendant

[5] Defendant also invokes 34 U.S.C. § 30506 and apparently argues it prohibits the prosecution here. Dkt. 36 at 9. Defendant fails to cite any authority whatsoever or articulate how § 30506—which provides rules of construction for federal hate crimes—is implicated by § 875(c). On its face, § 30506 has no application here. To the extent his point could have any merit, defendant should be deemed to have forfeited it because he fails to adequately develop it. The government should have to construct the argument for defendant to then tear it down. *See, e.g.*, *Hlinak v. Chicago Transit Auth.*, Case No. 13 C 9314, 2015 WL 361626, at *4 (N.D. Ill. Jan. 28, 2015) (finding underdeveloped argument forfeited).

makes no argument that the government's prosecution based on that statement presents vagueness concerns, nor can he. *United States v. Khan*, Case No. 15-CR-00286, 2017 WL 2362572, at *20 (N.D. Ill. May 31, 2017) (analyzing and rejecting vagueness argument), *aff'd*, 937 F.3d 1042 (7th Cir. 2019).

## CONCLUSION

For the reasons stated above, this Court should deny defendant's motion to dismiss.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/ Quinn Ford*
QUINN FORD
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 886-7629